**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHAEL DUNPHY,<br><br>              Plaintiff,<br><br>   v.<br><br>HILL-ROM HOLDINGS, INC., WILLIAM G. DEMPSEY, JOHN P. GROETELAARS, GARY L. ELLIS, STACY ENXING SENG, MARY GARRETT, JAMES R. GIERTZ, WILLIAM H. KUCHEMAN, GREGORY J. MOORE, FELICIA F. NORWOOD, and NANCY M. SCHLICHTING,<br><br>              Defendants, | Civil Action No. _____<br><br>**COMPLAINT FOR VIOLATIONS OF THE SECURITIES EXCHANGE ACT OF 1934**<br><br>**JURY TRIAL DEMAND** |

Plaintiff Michael Dunphy ("Plaintiff") alleges the following upon information and belief, including investigation of counsel and review of publicly available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

### NATURE OF THE ACTION

1. Plaintiff brings this action against Hill-Rom Holdings, Inc. ("Hill-Rom" or the "Company") and Hill-Rom's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934, 15.U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. § 240.14a-9, arising out of the Board's attempt to sell the Company to Baxter International Inc. through its wholly-owned subsidiary Bel Air Subsidiary, Inc. (collectively "Baxter").

2. Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading Definitive Proxy Statement on Schedule 14A (the "Proxy") to be filed with the Securities and Exchange Commission ("SEC") on October 20, 2021. The Proxy recommends that Hill-Rom stockholders vote in favor of a proposed transaction (the

"Proposed Transaction") whereby Hill-Rom is acquired by Baxter. The Proposed Transaction was first disclosed on September 2, 2021, when Hill-Rom and Baxter announced that they had entered into a definitive merger agreement (the "Merger Agreement") pursuant to which Baxter will acquire all of the outstanding shares of common stock of Hill-Rom for $156.00 per share (the "Merger Consideration"). The deal is valued at approximately $10.5 billion in total equity value and $12.4 billion in total enterprise value and is expected to close by early 2022.

3. The Proxy is materially incomplete and contains misleading representations and information in violation of Sections 14(a) and 20(a) of the Exchange Act. Specifically, the Proxy contains materially incomplete and misleading information concerning financial projections prepared by Hill-Rom management, as well as the financial analyses conducted by Goldman Sachs & Co. LLC ("Goldman Sachs") and BofA Securities, Inc. ("BofA"), Hill-Rom's financial advisors.

4. For these reasons, and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction, unless and until the material information discussed below is disseminated to Hill-Rom's stockholders. In the event the Proposed Transaction is consummated without the material omissions referenced below being remedied, Plaintiff seeks to recover damages resulting from the Defendants' violations.

**PARTIES**

5. Plaintiff is, and has been at all relevant times, the owner of shares of common stock of Hill-Rom.

6. Defendant Hill-Rom is a corporation organized and existing under the laws of the State of Indiana. The Company's principal executive offices are located at 130 East Randolph Street, Suite 1000, Chicago, Illinois, 60601. Hill-Rom common stock trades on NASDAQ under the ticker symbol "HRC."

7. Defendant William G. Dempsey is Chair of the Board and has been a director of the Company since 2014.

8. Defendant John P. Groetelaars has been President, Chief Executive Officer ("CEO"), and a director of the Company since May 2018.

9. Defendant Gary L. Ellis has been a director of the Company since 2017.

10. Defendant Stacy Enxing Seng has been a director of the Company since 2015.

11. Defendant Mary Garrett has been a director of the Company since 2017.

12. Defendant James R. Giertz has been a director of the Company since 2009.

13. Defendant William H. Kucheman has been a director of the Company since 2013.

14. Defendant Gregory J. Moore has been a director of the Company since 2019.

15. Defendant Felicia F. Norwood has been a director of the Company since 2020.

16. Defendant Nancy M. Schlichting has been a director of the Company since 2017.

17. Nonparty Baxter International Inc. is incorporated in Delaware and has its principal executive offices located at One Baxter Parkway, Deerfield, IL 60015. Baxter common stock trades on NYSE under the ticker symbol "BAX."

18. Nonparty Bel Air Subsidiary, Inc. is an Indiana corporation and is a wholly owned subsidiary of Baxter.

**JURISDICTION AND VENUE**

19. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Section 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

20. Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District, or is an individual who is either

present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendant by this Court permissible under traditional notions of fair play and substantial justice.

21. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because a significant amount of the conduct at issue took place and had an effect in this District.

## FURTHER SUBSTANTIVE ALLEGATIONS

### A. Background of the Company and the Proposed Transaction

22. Hill-Rom is a medical technology company. The Company's segments include Patient Support Systems, Front Line Care and Surgical Solutions. Patient Support Systems provides an ecosystem of digital and connected care solutions: devices, software, communications, and integration technologies that improve care and deliver insights to caregivers and patients in the acute care setting. Front Line Care provides integrated patient monitoring and diagnostic technologies from hospital to home that enable and support its connected care strategy. Surgical Solutions enables peak procedural performance, connectivity and video integration products that improve collaboration, workflow, safety and efficiency in the operating room, such as surgical video technologies, tables, lights, pendants, precision positioning devices and other accessories. The Company also owns contact-free continuous monitoring technology. As of June 30, 2021, the Company had a TTM EBITDA of $0.54B with an EBITDA margin of 18.46%.

23. On September 2, 2021, the Company entered into the Merger Agreement with Baxter. According to the press release issued that day announcing the Proposed Transaction:

## BAXTER TO ACQUIRE HILL-ROM
*Expanding Connected Care and Medical Innovation Globally*

**DEERFIELD, ILL., and CHICAGO, Sept. 2, 2021** – Baxter International Inc. (NYSE: BAX), a leading global medical products company, and Hillrom (NYSE: HRC), a global medical technology leader, today announced that the companies have entered into a definitive agreement under which Baxter has agreed to acquire Hillrom for $156.00 per share in cash for a total equity value of approximately $10.5 billion and a total enterprise value of approximately $12.4 billion, including the assumption of debt.

Hillrom brings a highly complementary product portfolio and innovation pipeline that will enable Baxter to provide a broader array of medical products and services to patients and clinicians across the care continuum and around the world, facilitating the delivery of healthcare that is patient- and customer-centered and focused on improving clinical outcomes.  The combination is also expected to accelerate the companies' expansion into digital and connected care solutions that are increasingly enabling patients with access to hospital-level care at home or in other care settings.

"Baxter and Hillrom share a common vision for transforming healthcare to better serve all patients and providers," said José (Joe) E. Almeida, Baxter's chairman, president, and chief executive officer.  "Patients increasingly want to receive their care at home or nearby, while hospitals and other care providers are increasingly using digital health technologies to expand access, improve quality and lower costs.  Baxter and Hillrom are uniting to meet the challenges of a rapidly evolving global healthcare landscape, while also creating significant value for all the stakeholders we serve.  We're very excited to welcome the Hillrom team to Baxter, and to join together to advance our mission to save and sustain lives."

John Groetelaars, Hillrom's president and chief executive officer, said, "We are proud of the steps we have taken to transform Hillrom into a medical technology leader with an innovative portfolio of connected care solutions.  Today's milestone announcement represents a win-win for all stakeholders.  Patients and caregivers will benefit from enhanced capabilities across the continuum of care, our shareholders will receive a significant and immediate premium for their investment, and our employees will benefit from being part of a larger, stronger company with accelerated growth opportunities.  Baxter is the ideal partner to enhance our global reach and realize the true potential of our vision to accelerate medical innovation around the world.  With our shared patient-centric cultures, we look forward to seamlessly bringing our two companies together."

**Strategic Rationale**

The Baxter-Hillrom combination will expand access to Hillrom's portfolio globally; broaden the presence of the combined companies across sites of care;

accelerate and strengthen the combined organization's digital transformation; and is expected to generate compelling financial returns for Baxter's shareholders.

Key benefits of the acquisition include:

- A common vision for transforming healthcare to improve efficiencies and clinical outcomes, drive actionable insights and lead across the care continuum: The complementary product offering of the combined companies will support the patient in the hospital, at home, and in alternate sites of care, allowing better integration and coordination of healthcare delivery.

- A strengthened portfolio with opportunity to accelerate digitally-enabled connected healthcare and expand penetration of combined solutions worldwide: The companies' combined capabilities in therapeutic delivery, monitoring, blood purification, diagnostics and communications for patients and caregivers will enhance opportunities for truly connected care that result in better patient outcomes, improved workflow efficiencies and data-driven insights while lowering healthcare costs overall.

- A robust combined platform for shareholder value creation through meaningful anticipated synergies with a continued commitment to strong cash flow generation: The transaction provides a significant opportunity to build upon Baxter's established global infrastructure to grow Hillrom's international business, which currently represents approximately one-third of Hillrom's total 2020 revenue. It should also meaningfully enhance Baxter's earnings growth through the realization of substantial cost synergies and potential opportunities to accelerate revenue growth over the longer term.

- A shared culture that values inclusivity, innovation, and corporate responsibility: The combination unites two organizations that have each been recognized for achievements in workplace diversity and corporate responsibility, and for fostering an environment that supports and encourages high performance, respect for individuals, and professional growth.

**Transaction Highlights**

Upon completion of the transaction, Baxter will pay $156.00 in cash for each outstanding share of Hillrom common stock for a purchase price of $10.5 billion. Baxter will also assume Hillrom's outstanding debt and cash, for a total enterprise value of $12.4 billion. The purchase price represents a 26% premium to Hillrom's closing stock price on July 27, 2021, the last trading day prior to media reports speculating about a potential transaction.

Baxter expects the combination to result in approximately $250 million of annual pre-tax cost synergies by the end of year three. This estimate excludes any benefit

from potential new revenue growth opportunities resulting from the combination of the two organizations.

The transaction is expected to be low double-digit accretive to Baxter's adjusted earnings per share (EPS) in the first full year post close, increasing to more than 20% by year three. The transaction is also expected to expand Baxter's overall adjusted EBITDA margins over the medium-term and deliver strong cash flow generation with a high single-digit return on invested capital (ROIC) expected by year five.

Baxter will finance the transaction through a combination of cash and fully committed debt financing. At closing, Baxter estimates that it will have net leverage of approximately 4.2x net debt to pro forma1 adjusted EBITDA of the combined companies (as estimated by Baxter management). Baxter is committed to an investment grade credit rating and deleveraging to 2.75x net leverage within two years of closing.

**Approvals and Timing**

The Boards of Directors of both companies have unanimously approved the acquisition. The transaction is subject to the approval of Hillrom shareholders and the satisfaction of customary closing conditions, including regulatory approvals. The transaction is expected to close by early 2022.

B. **The Materially Incomplete and Misleading Proxy**

24.   The Individual Defendants must disclose all material information regarding the Proposed Transaction to Plaintiff and the other Hill-Rom stockholders so that they can make a fully informed decision whether to vote in favor of the Proposed Transaction.

25.   On October 20, 2021, Defendants filed the Proxy with the SEC. The purpose of the Proxy is, *inter alia*, to provide the Company's stockholders with all material information necessary for them to make an informed decision on whether to vote in favor of the Proposed Transaction. However, significant and material facts were not provided to Plaintiff. Without such information, Plaintiff cannot make a fully informed decision concerning whether to vote in favor of the Proposed Transaction.

*Materially Incomplete and Misleading Disclosures Concerning the Management-Prepared Financial Forecasts*

26. The Proxy discloses management-prepared financial projections for the Company which are materially misleading. The Proxy indicates that in connection with the rendering of Goldman Sachs' fairness opinion, Goldman Sachs reviewed "certain internal financial analyses and forecasts for Hillrom standalone prepared by its management, in each case, as approved for Goldman Sachs' use by Hillrom." The Proxy further states that BofA, in connection with the rendering of its fairness opinion, "reviewed certain internal financial and operating information with respect to the business, operations and prospects of Hillrom furnished to or discussed with BofA Securities by the management of Hillrom, including the Hillrom Projections." Accordingly, the Proxy should have, but failed to, provide certain information in the projections that Hill-Rom's management provided to the Board and Goldman Sachs and BofA.

27. Notably, the Proxy fails to disclose line items underlying the Company's Adjusted EBITDA, Adjusted Operating Income, and Unlevered Free Cash Flow.

28. This omitted information is necessary for Plaintiff to make an informed decision on whether to vote in favor of the Proposed Transaction.

*Materially Incomplete and Misleading Disclosures Concerning Goldman Sachs' and BofA's Financial Analyses*

29. Additionally, the Proxy also omits material information regarding the valuation analyses performed by Goldman Sachs and BofA.

30. The Proxy's description of the financial advisors' fairness opinions fails to include key data, inputs, and assumptions underlying the advisors' valuation analysis. The omission of this key data prevents stockholders from fully evaluating the fairness opinions which tout the Proposed Transaction and determine how much credence to give the fairness opinions in deciding whether or not to vote in favor of the Proposed Transaction.

8

31. With respect to Goldman Sachs' *Discounted Cash Flow Analysis*, the Proxy Statement omits: (a) the Company's terminal values; (b) the inputs and assumptions underlying the range of discount rates used by Goldman Sachs; (c) the net debt of Hill-Rom as of June 30, 2021, *pro forma* for the acquisition by Hill-Rom of BardyDx; and (d) the number of Hill-Rom's fully diluted outstanding shares of common stock.

32. With respect to Goldman Sachs' *Illustrative Present Value of Future Share Price Analysis*, the Proxy Statement fails to disclose: (a) Goldman Sachs' rationale for applying enterprise value to NTM Adjusted EBITDA multiples of 13.0x to 15.0x Adjusted EBITDA per share of Hill-Rom common stock; and (b) the data, inputs, and assumptions underlying the discount rate applied by Goldman Sachs.

33. With respect to Goldman Sachs' *Premia Analysis*, the Proxy: (a) fails to identify each of the transactions relied upon; and (b) omits the premiums paid in each of the transactions.

34. With respect to BofA's *Selected Publicly Traded Companies Analysis*, the Proxy omits: (a) the enterprise values for Hill-Rom and each of the analyzed public companies; (b) the closing stock prices for each company used as of August 30, 2021; (c) the number of fully diluted outstanding shares of stock for each company; and (d) each of the companies' net debt or net cash.

35. With respect to BofA's *Selected Precedent Transactions Analysis*, the Proxy omits the financial metrics and multiples with respect to each of the selected transactions.

36. With respect to BofA's *Discounted Cash Flow Analysis*, the Proxy omits: (a) the terminal values of the Company; (b) the data, inputs and assumptions forming the basis of the range of discount rates applied by BofA in its analysis; (c) Hill-Rom's net debt as of June 30, 2021; and (d) the number of Hill-Rom's fully diluted outstanding shares of common stock.

37. This information is necessary to provide Company stockholders a complete and

accurate picture of the sales process and its fairness. Without this information, Plaintiff was not fully informed as to the Defendants' actions, including those that may have been taken in bad faith, and cannot fairly assess the process. And without all material information, Plaintiff is unable to make a fully informed decision in connection with the Proposed Transaction and faces irreparable harm, warranting the injunctive relief sought herein.

38. In addition, the Individual Defendants knew or recklessly disregarded that the Proxy omits the material information concerning the Proposed Transaction and contains the materially incomplete and misleading information discussed above.

39. Specifically, the Individual Defendants undoubtedly reviewed the contents of the Proxy before it was filed with the SEC. Indeed, as directors of the Company, they were required to do so. The Individual Defendants thus knew or recklessly disregarded that the Proxy omits the material information referenced above and contains the incomplete and misleading information referenced above.

40. Further, the Proxy indicates that on September 1, 2021, Goldman Sachs and BofA reviewed with the Board their financial analyses of the Merger Consideration and delivered to the Board oral opinions, which were confirmed by delivery of written opinions of the same date, to the effect that the Merger Consideration was fair, from a financial point of view to Hill-Rom stockholders. Accordingly, the Individual Defendants undoubtedly reviewed or were presented with the material information concerning Goldman Sachs' and BofA's financial analyses which has been omitted from the Proxy, and thus knew or should have known that such information has been omitted.

41. Plaintiff is immediately threatened by the wrongs complained of herein and lacks an adequate remedy at law. Accordingly, Plaintiff seeks injunctive and other equitable relief to

prevent the irreparable injury that the Plaintiff will continue to suffer absent judicial intervention.

## CLAIMS FOR RELIEF

### COUNT I

**Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9**

42. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

43. Defendants have filed the Proxy with the SEC with the intention of soliciting Hill-Rom stockholder support for the Proposed Transaction. Each of the Individual Defendants reviewed and authorized the dissemination of the Proxy, which fails to provide the material information referenced above.

44. In so doing, Defendants made materially incomplete and misleading statements and/or omitted material information necessary to make the statements made not misleading. Each of the Individual Defendants, by virtue of their roles as officers and/or directors of Hill-Rom, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a).

45. Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that such communications with stockholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

46. Specifically, and as detailed above, the Proxy violates Section 14(a) and Rule 14a-9 because it omits material facts concerning: (i) management's financial projections; and (ii) the value of Hill-Rom shares and the financial analyses performed by Goldman Sachs and BofA in

11

support of their fairness opinions.

47. Moreover, in the exercise of reasonable care, the Individual Defendants knew or should have known that the Proxy is materially misleading and omits material information that is necessary to render it not misleading. The Individual Defendants undoubtedly reviewed and considered the omitted information identified above in connection with their decision to approve and recommend the Proposed Transaction; indeed, the Proxy states that Goldman Sachs and BofA reviewed and discussed their financial analyses with the Board during various meetings, including on September 1, 2021, and further states that the Board considered Goldman Sachs's and BofA's financial analyses and fairness opinions in connection with approving the Proposed Transaction. The Individual Defendants knew or should have known that the material information identified above has been omitted from the Proxy, rendering the sections of the Proxy identified above to be materially incomplete and misleading.

48. The misrepresentations and omissions in the Proxy are material to Plaintiff, who will be deprived of his right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Proposed Transaction. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## COUNT II

**Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

49. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

50. The Individual Defendants acted as controlling persons of Hill-Rom within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as

officers and/or directors of Hill-Rom and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Proxy filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

51. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy and other statements alleged by Plaintiff to be misleading prior to the time the Proxy was filed with the SEC and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

52. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The Proxy at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Proxy.

53. In addition, as the Proxy sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Proxy purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

54. By virtue of the foregoing, the Individual Defendants have violated Section 20(a)

of the Exchange Act.

55.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands injunctive relief in his favor and against the Defendants jointly and severally, as follows:

A.      Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Proxy;

B.      In the event that the transaction is consummated prior to the entry of this Court's final judgment, rescinding it or awarding Plaintiff rescissory damages;

C.      Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

D.      Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

E.      Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: November 12, 2021                    **ROWLEY LAW PLLC**

*S/ Shane T. Rowley*

Shane T. Rowley (SR-0740)
Danielle Rowland Lindahl
50 Main Street, Suite 1000
White Plains, NY 10606
Tel: (914) 400-1920
Fax: (914) 301-3514
Email: srowley@rowleylawpllc.com
Email: drl@rowleylawpllc.com

*Attorneys for Plaintiff*